UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.    1:16-cv-23486-SCOLA/OTAZO-REYES

CARACOL TELEVISIÓN S.A.; and
CARACOL TELEVISION, INC.

      Plaintiffs,

v.

TVMIA INTERNATIONAL, CORP. d/b/a
TVmia and d/b/a Telefonica Latina;
EDUARDO PEREZ BUCCI; MARCELO
J. ADARVEZ; TEVEYA, CORP.; and
WORLD PASS COMMUNICATIONS
CORP.,

      Defendants
_____/

**PLAINTIFFS' MOTION FOR SHOW-CAUSE ORDER AND FOR FINDING
OF CONTEMPT AND INCORPORATED MEMORANDUM OF LAW**

Defendants TVmia International, Corp., Eduardo Perez Bucci, Marcelo J. Adarvez, and TeVeYa Corp. (collectively for purposes of this Motion, "Defendants") stipulated to a preliminary injunction prohibiting them from continuing to pirate Plaintiff Caracol Televisión S.A.'s ("Caracol's") programming while this action is pending. The Court entered the injunction on January 27, 2017, and it expressly covered the unlawful streaming of Caracol's programming at www.satelitecolombia.com. Remarkably, Defendants have ignored the Court's order. Plaintiffs' counsel alerted Defendants' counsel on the afternoon of January 27 that the streaming at that website had not stopped. Nonetheless, Caracol's content continues to be streamed without authorization at www.satelitecolombia.com, which leaves Plaintiffs with no alternative to moving the Court for a show-cause order and for an order finding Defendants in contempt of the preliminary injunction and imposing appropriate sanctions, including default judgment.

## STATEMENT OF FACTS

As set out in detail in Plaintiffs' motion for preliminary injunction and supporting papers, Defendants have engaged in a long pattern of intercepting Caracol's signal as it is broadcast in Colombia and then copying and redistributing that programming without authorization over the Internet. These acts of piracy first became known to Caracol in 2011, and Caracol has engaged in a frustrating game of "whack-a-mole" trying to put a stop to the piracy ever since. In particular, on a number of occasions prior to the institution of this action, Caracol demanded that Defendants cease their acts of infringement or served takedown notices under the Digital Millennium Copyright Act, or both. Although these measures prompted reaction from Defendants, the respite proved to be only fleeting, as Defendants in each case simply moved their infringing activity to another website, to another platform, or to another hosting company.

Given Defendants' demonstrated unwillingness to observe the legal rights the Copyright Act creates and protects in Plaintiffs' programming, Plaintiffs instituted this action in August 2016. Among other remedies, Plaintiffs seek statutory damages for Defendants' knowing and willful infringement of Plaintiffs' copyrights. The Complaint alleges, and the Motion for Preliminary Injunction shows with uncontested facts, that Defendants are presently infringing Caracol's programming through the website www.satelitecolombia.com. That is where Defendants' infringement has been taking place since Caracol served DMCA takedown notices and a demand letter on Defendants in April 2016 (though it may have begun there earlier). As of April 2016, the infringing activity was available on www.tvmia.com, which Defendants' counsel in this matter contended at the time was "accidental[]." Heynen Decl. Ex. A [DE # 43, Ex. 10].

Unlike www.tvmia.com, which was registered publicly in Mr. Bucci's name, www.satelitecolombia.com was registered anonymously through Domains By Proxy, LLC.

Nonetheless, the connections between Defendants and www.satelitecolombia.com are ample, and Plaintiffs demonstrated those connections through facts presented with their Motion for Preliminary Injunction. *First*, TVmia's login credentials allow TVmia subscribers to access Caracol's content at www.satelitecolombia.com. *See* Heynen Decl. ¶ 3 [DE # 43, Ex. 9]. *Second*, after the purportedly "accidental" infringement of Caracol's programming was removed from www.tvmia.com, a representative of TVmia expressly instructed another Colombia broadcaster to continue to access Caracol's content by (i) visiting www.satelitecolombia.com and entering a TVmia username and password; or (ii) using the code "carateveo2" on a Roku device to add a private channel streaming Caracol content. *See* Olave Decl., ¶¶ 5-6 [DE #43, Ex. 3]. *Third*, www.satelitecolombia.com is currently hosted by www.mediatrix.company, a service provider with a website registered to Mr. Bucci and that shares an almost identical address in Madrid to the one Mr. Bucci listed for himself in his declaration in this matter. *See* Heynen Decl. ¶¶ 7-9 [DE #43, Ex. 9]; Ramsey Decl. ¶ 9 [DE #43, Ex. 16]. The only websites hosted by Mediatrix are www.tvmia.com, www.satelitecolombia.com, and a third website that appears to offer the same service as TVmia. *See* Heynen Decl. ¶ 8 [DE #43, Ex. 9]

Critically, Defendants did not contest <u>any</u> of these facts in response to Plaintiffs' preliminary injunction motion (or in response to the Court's Orders of January 5 and January 18, 2017) [DE ##45, 48], and instead stipulated to entry of an injunction with the very same scope as that requested by Plaintiffs. Yet Defendants' infringing activity has continued unabated on www.satelitecolombia.com, even though the preliminary injunction expressly provides that Defendants, "and all persons in active concert or participation with them, are preliminarily enjoined from . . . streaming . . . over the internet (through websites such as www.tvmia.com, www.satelitecolombia.com, or any other site) . . . any television programming broadcast or

3

otherwise distributed by Caracol . . . ." [DE #54]. In fact, there was no change at all in the infringing activity that is the subject of both this action and the Court's preliminary injunction after entry of the preliminary injunction. Plaintiffs' counsel alerted Defendants' counsel to the violation of preliminary injunction on January 27, 2017 (see email correspondence attached as Exhibit 1 hereto), but the infringement continues as of the filing of this Motion for Contempt. *See* Second Ramsey Decl. ¶ 2 (attached as Exhibit 2 hereto).

## ARGUMENT

There is no question this Court holds the power to enforce compliance with its orders, including the preliminary injunction the Court entered on January 27, 2017. *See Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1446 (11th Cir. 1985) ("It is beyond peradventure that all federal courts have the power, by statute, by rule, and by common law, to impose sanctions against recalcitrant lawyers and parties litigant."). The vehicle for enforcing compliance is contempt. *See United States v. Prater*, Case No. 8:02-cv-2052-T-23MSS, 2003 U.S. Dist. LEXIS 16099, at *14 (M.D. Fla. Aug. 19, 2003) ("District Courts have inherent power to enforce compliance with orders, through civil contempt.") (citing *Shillitani v. United States*, 384 U.S. 364, 370 (1966) and *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1296 (11th Cir. 2002) (stating "an injunction can be enforced . . . through a contempt proceeding")).

The standard in civil contempt proceedings is well-established. "A party seeking civil contempt must establish by clear and convincing evidence that the purported contemnor violated the court's prior order(s)." *Benjamin v. VHU Express, Inc.*, Case No. 16-20642-Civ-KING/TORRES, 2016 U.S. Dist. LEXIS 147255, at *6 (S.D. Fla. Oct. 21, 2016). "However, once the moving party makes a prima facie showing that the court order was violated, the burden of production shifts to the alleged contemnor to show a present inability to comply that goes beyond

4

a mere assertion of inability." *Howard Johnson Co. v. Khimani*, 892 F.2d 1512, 1516 (11th Cir. 1990) (internal quotations marks omitted); *see also Benjamin*, 2016 U.S. Dist. LEXIS 147255, at \*6 ("Once the party seeking contempt makes this prima facie showing, the burden shifts to the alleged contemnor to produce detailed evidence specifically explaining why he cannot comply and why, in good faith, the contemnor made all reasonable efforts to comply with the order."); *Prater*, 2003 U.S. Dist. LEXIS 16099, at \*14. "If the alleged contemnor makes such a sufficient showing, the burden then shifts back to the party seeking to show contempt to prove the ability of the alleged contemnor to comply with the court's prior order." *Benjamin*, 2016 U.S. Dist. LEXIS 147255, at \*6–\*7.

Here, Defendants' violation of the preliminary injunction is clear and unassailable. The premise of Plaintiffs' Complaint and Motion for Preliminary Injunction is that Defendants exercise control over www.satelitecolombia.com and have orchestrated the relocation of their infringing activity to that website. Indeed, as the undisputed facts in the record show, shortly after Caracol demanded that Defendants cease their infringing activity at www.tvmia.com in April 2016, Caracol became aware that the infringing activity was located on www.satelitecolombia.com. That transition was seamless to TVmia's subscribers, as Plaintiffs demonstrated through their undisputed evidentiary submission, that TVmia representatives expressly instructed TVmia's subscribers how to continue to receive Caracol's programming notwithstanding the transition to www.satelitelcolombia.com. Moreover, the www.satelitecolombia.com website is hosted by a service provider whose website is registered to Mr. Bucci.

Defendants made no effort to contest these facts or otherwise to prove, contrary to the facts in the record, that they lacked actual or effective control over www.satelitecolombia.com and were not acting in concert with that website. Nor did Defendants attempt to show that they are unable

to secure the removal of Caracol's programming from www.satelitecolombia.com. Instead, Defendants stipulated to entry of a preliminary injunction that is crystal clear in its command: during the pendency of this action, Defendants, and those acting in concert with them, are prohibited from continuing to stream Caracol's programming, including at the www.satelitecolombia.com website. Yet after the preliminary injunction was entered, Defendants made no change at all to www.satelitecolombia.com, and Caracol's content continues to be accessible there, without authorization, to TVmia subscribers. *See* Second Ramsey Decl. ¶ 2.

Accordingly, Plaintiffs have plainly established Defendants' violation of the preliminary injunction. This showing warrants entry of an order requiring Defendants to show cause why they should not be held in civil contempt for their violation of the preliminary injunction and, ultimately, entry of an order finding Defendants in civil contempt and imposing appropriate sanctions.

It appears, based on email correspondence with Defendants' counsel in advance of this Motion, that Defendants may make a belated argument that they do not control www.satelitecolombia.com. To begin with, any such suggestion is refuted by the evidence Plaintiffs presented in support of their preliminary injunction motion, evidence that Defendants elected not to contest. Therefore, for purposes of the preliminary injunction and its enforcement, Defendants have waived any argument that they do not control www.satelitecolombia.com or that they somehow may not be held responsible for its content.

Moreover, case authorities from this Court and from other jurisdictions are clear that "a defendant may also be found in contempt where the evidence gives rise to an inference that a defendant and a non-party are acting in concert to violate an injunction." *HPC US Fund 1, L.P. v. Wood*, Case No. 13-61825-CIV-ROSENBERG/BRANNON, 2014 U.S. Dist. LEXIS 188941,

at *11 (S.D. Fla. Sept. 5, 2014) (citing *Chanel, Inc. v. Krispin*, No. 08-23439-CIV-MORENO/TORRES, 2010 U.S. Dist. LEXIS 123458, at *12 (S.D. Fla. Oct. 18, 2010) (recommending sanctions and civil contempt where defendants, their agents, or persons acting in concert therewith were violating permanent injunction)). As a result, "a party subject to an order or injunction is not absolved of guilt merely because a non-party did the overt act that violated the order or injunction." *HPC US Fund 1*, 2014 U.S. Dist. LEXIS 188941, at *11.

Accordingly, not only is it clear that Defendants are violating the Court's preliminary injunction in an ongoing way, they cannot now be heard to argue that www.satelitecolombia.com is beyond their control. Among other steps Defendants could have taken, Mr. Bucci could have taken down www.satelitecolombia.com altogether given that it is hosted by a service provider with a website registered in his name. For this reason, Plaintiffs respectfully request that the Court enter an order requiring Defendants to show cause why they should not be held in contempt and, ultimately, enter an order finding Defendants in contempt and imposing appropriate sanctions for Defendants' refusal to comply with the preliminary injunction.

According to the U.S. Supreme Court, "[t]he measure of the court's power in civil contempt proceedings is determined by the requirements of full remedial relief." *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 193 (1949). In fashioning an appropriate sanction for Defendants' violation of the preliminary injunction here, the Court is to consider "the character and magnitude of the harm threatened by continued contumacy and the probable effectiveness of any suggested sanctions in bringing about the result desired." *United States v. United Mine Workers*, 330 U.S. 258, 304 (1947). Appropriate sanctions may include a coercive daily fine, a compensatory fine, attorneys' fees and costs, or coercive incarceration. *See Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991).

Plaintiffs respectfully submit that entry of an order of contempt awarding a compensatory fine in Plaintiffs' favor, in an amount set in the Court's discretion, and awarding Plaintiffs' their attorneys' fees and costs associated with bring both their Motion for Preliminary Injunction and this Motion. In addition, Plaintiffs respectfully submit that because the evidence in the record suggests Defendants' stipulation to the preliminary injunction was in bad faith and that their violation of its clear language is willful, Plaintiffs are further entitled to entry of a default judgment in this action as a sanction for Defendants' conduct, along with such other and further relief that the Court in its discretion deems appropriate under these circumstances. *See, e.g., Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993) ("[A] default judgment sanction requires a willful or bad faith failure to obey a discovery order.").

## CONCLUSION

For the reasons set out above, Defendants have plainly violated the Court's preliminary injunction by failing to take any action at all to remove the unlawful streaming of Caracol's programming from www.satelitecolombia.com. Accordingly, an order requiring Defendants to show cause why they should not be held in contempt is warranted. Plaintiffs respectfully submit that the record evidence further warrants entry of an order finding Defendants in contempt and imposing appropriate sanctions for Defendants' violation of the preliminary injunction, including imposition of a compensatory fine, an award of attorneys' fees and costs, and entry of a default judgment in this action in Plaintiffs' favor, along with such other and further relief to which the Court finds Plaintiffs are entitled.

Undersigned counsel certifies that he has conferred with counsel for Defendants via email correspondence dated January 27, 2017 (and attached as Exhibit 1 hereto) in a good faith effort to resolve the issues raised in his Motion and has been unable to do so. In particular, undersigned counsel alerted Defendants' counsel that Plaintiffs would file this Motion should Caracol's programming continue to be streamed at www.satelitecolombia.com. However, Caracol's content was not removed from that website, and Defendants' counsel made no commitment to do so.

Dated: January 30, 2017

/s/   Fernando Alvarez-Perez
Florida Bar No. 0114186
E-mail:  falvarez-perez@brookspierce.com
Brooks, Pierce, McLendon,
   Humphrey & Leonard, L.L.P.
P.O. Box 1800
Raleigh, NC  27602
Telephone:  919-839-0300
Facsimile:  919-839-0304

OF COUNSEL:
Coe W. Ramsey
N.C. Bar No. 25482
E-mail:  cramsey@brookspierce.com
*admitted pro hac vice*
Charles E. Coble
N.C. Bar No. 25342
E-mail:  ccoble@brookspierce.com
*admitted pro hac vice*
Brooks, Pierce, McLendon,
   Humphrey & Leonard, L.L.P.
P.O. Box 1800
Raleigh, NC  27602
Telephone:  919-839-0300
Facsimile:  919-839-0304

*Counsel for Plaintiffs Caracol Televisión S.A. and Caracol Television, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2017. I electronically filed the foregoing document and electronically served the document on all counsel of record via the CM/ECF electronic notification system.

      /s/Fernando Alvarez-Perez
Fernando Alvarez-Perez (Fla. Bar No. 114186)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.     1:16-cv-23486-SCOLA/OTAZO-REYES

CARACOL TELEVISIÓN S.A.; and
CARACOL TELEVISION, INC.

      Plaintiffs,

v.

TVMIA INTERNATIONAL, CORP. d/b/a
TVmia and d/b/a Telefonica Latina;
EDUARDO PEREZ BUCCI; MARCELO
J. ADARVEZ; TEVEYA, CORP.; and
WORLD PASS COMMUNICATIONS
CORP.,

      Defendants
_____/

## [PROPOSED] ORDER TO SHOW CAUSE

After considering Plaintiffs' Motion for Show-Cause Order and for Finding of Contempt, along with the materials submitted by the parties in support of and in opposition thereto, and for good cause shown, the Motion is **GRANTED, and it is hereby ORDERED THAT:**

On or before [date], Defendants show cause why they have violated the Court's January 27, 2017 Preliminary Injunction and, in particular, why they have not caused the removal of Plaintiffs' programming from the www.satelitecolombia.com website.

IT IS SO ORDERED.

Dated: _____, 2017

                                                _____
                                                Hon. Robert N. Scola
                                                United States District Judge